**FILED**

SEP - 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN POULLARD #06429-078 §
(Shangowande Orisha-nla) F.C.I. §
POB 26020 §
v. BEAUMONT, TEXAS 77720 §
§
HARLEY LAPPIN, §
HARRELL WATTS. §
(In Their Official Capacities) §

CASE NUMBER   1:05CV01768

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 09/06/2005

CASE RE-ASSIGNED

KENNEDY, JR. J. HHK
MAY 09
TO:

## VERIFIED COMPLAINT

### Preliminary Statement

1. This is a federal question action challenging the Bureau of Prisons (BOP) failure to handle inmate requests for religious accommodation consistent with the Religious Freedom Restoration Act (RFRA) and the Religious Land Use And Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000bb, 2000cc et. seq. Plaintiff seeks injunctive and declaratory relief.

### Jurisdiction

2. This court has jurisdiction under 28 U.S.C. § 1331.

### Venue

3. Venue is appropriate in the District of Columbia. See 28 U.S.C. § 1391 (e)(1) & (2).

### Exhaustion of Administrative Remedies

4. The plaintiff has exhausted all available administrative remedies using the BOP's administrative remedy program. See Remedy ID # 370051-F1, 373354-R1, 373354-A1.

### Parties

5. The plaintiff, Ryan Poullard (Shangowande Orisha-nla), is a federal prisoner incarcerated at the Federal Correctional Institution in Beaumont, Texas. Plaintiff's mailing address is Ryan

RECEIVED
AUG 24 2005

1

Poullard (Shangowande Orisha-nla) # 06429-078 P.O. BOX 26020 Beaumont, TX 77720-6020.

6. Defendant Harley Lappin is the Director of the Federal Bureau of Prisons. He is sued in his official capacity. His mailing address is: 320 First St. N.W. Washington, DC 20534.

7. Defendant Harrell Watts is the BOP's National Inmate Appeals Administrator. He is sued in his official capacity. His mailing address is 320 First St. N.W. Washington, DC 20534.

Statement of Facts

8. The plaintiff is an Ifa devotee and a member of the Messianic Nation of Islam. Plaintiff adopted these sincerely held religious beliefs after his incarceration. Plaintiff leads Ifa (General Yoruban Program) study sessions, meditation sessions, services, etc ... and is currently the liason between the Ifa community (General Yoruban Program) and chaplaincy staff at his place of incarceration.

9. Plaintiff sincerely believes that he must proclaim a holy or "religious name" to reestablish the cultural and religious links to his African ancestry that were destroyed during the course of the trans-atlantic slave trade. Plaintiff sincerely believes that his religious name must be proclaimed because it has been dictated by both the teachings of the Most Honorable Elijah Muhammad, and the ancient traditions of the Ifa faith.

10. Plaintiff also sincerely believes that he must use his religious name in all papers, forms, and documents prepared by himself to properly observe the requirements of his faith.

11. According to plaintiff, the European names that were forced upon his African forebears are the vestiges of the most brutal

and horrific system of enslavement that the world has ever known. These names denote European "ownership," and they are the "mark of the beast" to the adherents of the Most Honorable Elijah Muhammad's teachings.

12. The use of plaintiff's religious name is not only "central" to his religious practice, but also is required and based on a sincere religious belief.

13. According to plaintiff, surnames are not bestowed upon Ifa devotees until initiation has been performed by members of the Ifa priesthood. The materials and accommodations needed for initiation ceremonies have not been made available at the plaintiff's place of incarceration, therefore, plaintiff is unable to receive his full name and have it legally changed. Plaintiff received his first name, Shangowande, from members of the Ifa priesthood in accordance with the ancient traditions of the Ifa faith. Plaintiff is using the attribute "Orisha-nla" as a surname substitute until the requisite initiation and naming ceremony can be performed.

14. Plaintiff was sent to segregation and sanctioned for signing a chapel sign-in sheet with both his religious and committed names. An infraction was placed on the plaintiff's chronological disciplinary record and this infraction remains on the plaintiff's record to date.

15. Plaintiff informed BOP staff of the religious significance of his holy name and requested that the sign-in infraction be removed from his disciplinary record. Defendant Watts, acting on behalf of defendant Lappin, (signatory authority for grievance responses in the BOP's Central Office has been delegated by the Director of the Bureau of Prisons to the National Inmate Appeals

Administrator. See 28 C.F.R. § 542.11 (a)(4)) rejected the request.

16. Defendant Watts' rejection was premised on the Regional Director's decision in Remedy ID # 373354-R1 which directed the plaintiff to resubmit his request at the institution level as instructed by the Regional Office. Plaintiff followed these instructions and his request was again rejected by institution staff.

## COUNT ONE

17. Defendant Watts' rejection of plaintiff's request to have infraction for using both religious and committed names removed from his disciplinary record is inconsistent with the requirements of RFRA and RLUIPA.

18. First, this rejection substantially burdens plaintiff's exercise of religion because it deprives the plaintiff of his right to make use of the BOP's Administrative Remedy Program. Plaintiff was not only punished for using both his religious and committed names, a sincere belief that is "central" to his religious practice, but was also denied his right to use the Administrative Remedy Program in his efforts to address this matter. However, under RFRA and RLUIPA this was error. See Levitan v. Ashcroft, 281 F.3d 1313, 1321 (D.C. Circuit 2002) (In other cases, in which the practice is indisputably an important component of the litigant's religious scheme, such evidence may be relevant to overcome and claim that the impact of the challenged law is de minimis. Moreover, a rule that bans a practice might nonetheless impose a substantial burden, if the practice is important and based on a sincere religious belief); Malik v. Brown, 16 F.3d 330, 334 (9th Circuit 1994) (Using both the religious and the committed name is a satisfactory alternative means for an inmate to freely exercise his religion. The

existence of this "obvious easy alternative" suggests that **a rule permitting the use only of the inmate's committed name is an exaggerated response.** Nor does the use of both names have a significant adverse impact on prison administration) (emphasis added).

19. Second, there is no compelling governmental interest that will support defendant Watts' nonfeasance in his handling of plaintiff's request. See Malik v. Brown, 65 F.3d 148 (9th Circuit 1995) (although state had legitimate interest in continued use of inmates' committed names, there was no legitimate penological interest in preventing inmates from using both religious and committed names).

## COUNT TWO

20. As evident by the allegations in paragraphs 8-19 of this complaint, defendant Lappin has failed to train, supervise, and promulgate policies requiring his subordinates to comply with RFRA and RLUIPA. Because of this, plaintiff's statutory rights have, and will continue to be violated.

Relief Requested

21. Plaintiff seeks injunctive and declaratory relief requiring defendants to:

(1) Remove unlawful infraction for using both religious and committed names from plaintiff's chronological disciplinary record.

(2) Allow plaintiff to freely use both his religious and committed names on Administrative Remedy Requests, on legal documents, and on all prison paperwork prepared by plaintiff in his daily affairs.

(3) Promulgate policies and train BOP staff to honor and respect the tenets of plaintiff's sincere religious beliefs in a manner consistent with RFRA and RLUIPA.

Plaintiff further seeks costs and attorney's fees, if applicable.

Verification

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746. Signed this 21st day of August, 2005.

Respectfully submitted,

*(signature)*
Ryan Poullard # 06429-078
(Shangowande Orisha-nla)
P.O. BOX 26020
Beaumont, TX 77720-6020