Exhibit A

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 18, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : RYAN EDWARD POULLARD, 06429-078
      BEAUMONT LOW FCI      UNT: SA      QTR: S09-068U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

```
REMEDY ID       : 425337-R1
DATE RECEIVED   : AUGUST 24, 2006
RESPONSE DUE    : OCTOBER 23, 2006
SUBJECT 1       : DHO APPEAL - EVIDENCE
SUBJECT 2       : DHO APPEAL - SANCTION
INCIDENT RPT NO : 1491830
```

<u>RECEIPT</u> - ADMINISTRATIVE REMEDY

DATE: AUGUST 31, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : RYAN EDWARD POULLARD, 06429-078
      BEAUMONT LOW FCI    UNT: SA    QTR: S09-068U

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 425337-R1
DATE RECEIVED   : AUGUST 24, 2006
RESPONSE DUE    : SEPTEMBER 23, 2006
SUBJECT 1       : DHO APPEAL - EVIDENCE
SUBJECT 2       : DHO APPEAL - SANCTION
INCIDENT RPT NO: 1491830

U.S. Department of Justice                                    Regional Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Shangowande Orisha-nla a/k/a Poullard, Ryan E.__   06429-078   SA   FCC Beaumont Low
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   On 8/8/06, after hearing incident report #1491830, the DHO found that I "committed the prohibited act of Code 305, Possessing unauthorized items and Code 300, Being unsanitary." In section III of the Discipline Hearing Officer Report the DHO stated that photographs were relied upon as evidence and that these photos indicated "the disarray of the area in question to include your locker." The DHO in section VII of this report also states that "possessing unathorized items and being unsanitary will not be tolerated in the correctional environment. It can have extremely serious repercussions for both staff and inmates, since it tends to result in further disruptive and violent behavior. The sanction of loss of commissary and telephone for 90 days (each) are imposed as an immediate sanction to show you this type of offense is of a serious nature and merits serious sanctions." It is impossible for me to describe how insulting these words are. Nearly two years ago (9/24/04) my religion, Ifa, was approved by the South Central Regional office's Chaplaincy

__8/17/06__
DATE                                                               SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                                                               REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                         CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                                                                  CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Administrator. During the month of October 2004 I made two separate attempts (Remedy ID numbers 354786-F1 and 355510-F1) to request "that all materials and accommodations listed in my New and Unfamiliar Religious Components submittal be made available to the Beaumont Low Ifa community immediately," but these requests were rejected and the issues raised in them were ignored. I had been harassed by several staff members, on several occasions, for having religious shrines (offerings included) in my locker. On or about 10/21/04 I submitted a Regional appeal package to my unit Counselor and completed the requisite package form. This appeal package was held by institution staff for more than two entire months before being forwarded and was subsequently rejected by the Regional Office for being untimely (Remedy ID 354786-R1). I appealed to the Central Office but this appeal (Remedy ID 354786-A) was also rejected and the issues raised therein were completely ignored. During the month of August 2005, the Religious Services Department issued a "Memorandum for All Inmate Religious Groups." See Attachment A. This memo instructed inmates to "take the time to review your group's needs for the upcoming fiscal year and type a list of materials by priority (the greatest need at the top of the list)." Its closing line stated that "prompt attention in this matter will help ensure your community's religious needs are met in the months ahead." In compliance with this memo, a purchase list for the Ifa community was submitted which clearly indicated that our "greatest need" was an outdoor Ifa lodge at which daily offerings and libations would be made. See Attachment B. Books were purchased in lieu of the outdoor Ifa lodge materials, and our prayer needs were ignored. On 6/02/06 I submitted an 'Inmate Request' to Deputy Warden Quintana which addressed several religious needs, including worship materials. See Attachment C. The kind and understanding Deputy Warden denied this request. See Attachment D. After being handcuffed, escorted and confined to the SHU, having a huge and embarrassing spectacle (photos taken in a housing unit full of nosy and insensitive inmates) made of my religious offerings, sleeping on the floor as the third man in a two man cell for 19 days, and having my religious beliefs questioned and ridiculed by the DHO, the over achieving Chaplain finally decided to tell me how he wants my offerings to be made. See Attachment E. This is absolutely unreal. Ifa is not a "tidy religion" and that is why an outdoor Ifa lodge was included in my submittal. I can not determine what is to be used as an offering (contraband excluded) and neither can the Chaplain, because these determinations are made via divination. This matter was clearly addressed on page 4 of my Ifa New and Unfamiliar Religious Components submittal. Furthermore, how can I use hard candies or sealed food items from Commissary if I don't have any money? Should a believer who is placed on Commissary restrictions, like I am at present, be expected to stop praying until he can purchase an offering that is pleasing to the Chaplain? I am too upset to continue and I only have one pen, so I have to use its ink wisely since it will be a while before I can buy another one. Please lift these commissary and phone sanctions immediately, expunge these charges, and see to it that the outdoor Ifa lodge and other religious needs of my faith group are provided with all deliberate speed.

                                              Thank you for your assistance.