# Exhibit C

# Bruce Plumley Declaration

Case 1:05-cv-01768-HHK    Document 14-4    Filed 10/20/2006    Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN POULLARD, )
    PLAINTIFF, )
 )
 )
v. )
 ) CIVIL ACTION 05-1768 D.D.C.
 )
U.S. DEPARTMENT OF JUSTICE, )
    DEFENDANT. )
_____)

## DECLARATION OF BRUCE PLUMLEY

In accordance with 28 U.S.C. § 1746, I, Bruce Plumley, make the following unsworn declaration, under penalty of perjury, pertinent to the above-styled and numbered cause:

1. I am an Administrative Remedy Specialist for the Federal Bureau of Prisons ("BOP" or "Bureau") in Washington, D.C., and have been employed in this capacity since August 22, 2005.

2. The BOP Administrative Remedy Procedure, compiled in Title 28 C.F.R. § 542.10 et seq., provides for formal review of any complaint which relates to any aspect of confinement. Under this process, and in accordance with Title 28 C.F.R. § 542.13, inmates are encouraged to first attempt informal resolution of their complaints by discussing the matter with an appropriate staff member. Attempts to informally resolve complaints are signed by the inmate and a member of the unit team, and maintained in a centralized file. If an attempt to informally resolve a complaint is unsuccessful, the inmate may file a formal

complaint with the Warden within twenty days of the date on which the basis of the request occurred. See 28 C.F.R. § 542.14. An inmate not satisfied with the Warden's response, may appeal to the Regional Director. Lastly, inmates dissatisfied with the regional response, may file an appeal with the Office of General Counsel in Washington, D.C. Appeals to the Office of General Counsel are the final administrative appeal in the Bureau of Prisons. See 28 C.F.R. § 542.15.

3. During the course of fulfilling my duties, I have access to the computerized database known as SENTRY containing the log of all administrative remedies filed by BOP inmates. I am also familiar with the administrative remedy regulations, which detail the requirements for filing remedy requests at the three levels of review. See 28 C.F.R. §542.14.

4. Administrative remedy requests must contain all the required information, which includes the date, the inmate's committed name, register number, and signature, among others. The Bureau recognizes inmates by their committed names as indicated on the Judgment and Commitment Order. In order to maintain security and accountability of prisoners, Bureau policy requires each inmate to use only the committed name as reflected on the sentencing court's Judgment and Commitment Order. A change in an inmate's committed name must be done through the issuance of an order from the sentencing court. In such cases, BOP policy requires the inmate to furnish BOP staff with the

documentation which reflects such a change.

5. A review of BOP records reflects that Inmate Poullard has not submitted any documentation indicating his committed name has been legally changed.

6. BOP database records reveal Inmate Poullard filed an administrative remedy request at the institution level seeking the expungement of the incident report which was written because he refused to sign into religious services using only his committed name. Inmate Poullard had signed into a faith group meeting using a non-legal, temporary religious name, Shangowande Orisha-nla, next to his committed name, Ryan Poullard. This was contrary to instructions he previously received from religious services staff. Inmate Poullard filed Administrative Remedy Request No. 370051-F1 at the institutional level, but, he failed to sign the form using his committed name. Instead, he signed the Request using only his religious name. The institution rejected his Administrative Remedy Request because he failed to sign using his committed name. Inmate Poullard received notification of this deficiency. He did not correct the error, and did not resubmit this request.

7. On April 10, 2005, Plaintiff filed an unrelated Regional Administrative Remedy Appeal No. 373354-R1 complaining that Administrative Remedy Request No. 370051-F1 was wrongfully

rejected for failure to sign with his committed name.[1]  This Regional Appeal was rejected because plaintiff:

- a) Did not sign [his] request or appeal.
- b) Did not attempt informal resolution prior to submission of administrative remedy.
- c) Did not first file a BP-9 request through the institution for the warden's review and response before filing an appeal at th[e regional] level.[2]
- d) Did not provide a copy of the institution administrative remedy request form and a copy of the [administrative remedy] response from the warden.

<u>Remarks: [He] must sign [his] administrative remedy appeals, using [his] committed name, before we can accept them for processing.</u>

See Complaint, Rejection Notice, Remedy ID 373354-R1.

8.  On April 25, 2005, plaintiff filed a Central Office Administrative Appeal. See Complaint, Remedy ID 373354-A1. Plaintiff signed this appeal with his religious first name, Shangowande, and a drawing of an eye. See id. On June 6, 2005, plaintiff's appeal was rejected because he:

- a) Did not sign [his] request or appeal.
- b) Did not attempt informal resolution prior to submission of Administrative Remedy, or did not provide the necessary evidence of an attempt at informal resolution.
- c) Did not first file a BP-9 request through the institution for the Warden's review and response

---

[1] This appeal was unrelated because it addressed the rejection of Administrative Remedy Request No. 370051-F1 for failure to sign the request with his committed name. It did not address the expungement of the incident report.

[2] A BP-9 is the Administrative Remedy Request filed at the institutional level.

   before filing an appeal at this level.

 d) Did not provide a copy of [his] institution administrative remedy request (BP-9) form or a copy of the (BP-9) response from the warden.

Remarks: Please follow directions given to [him] by the Regional Office.

 9. Plaintiff failed to exhaust the BOP administrative remedies because he did not file an Administrative Remedy Request at the institutional level that would comply with the requirements set forth in BOP regulations. The Request he filed was defective, and he failed to correct the deficiency and resubmit it. Because he did not afford the institution an opportunity to respond to the issues raised in Administrative Remedy Request No. 370051-F1, and because his appeals to the regional and central offices were unrelated to the original Request, plaintiff has not satisfied the exhaustion requirement.[3]

 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 20th day of October, 2006.

           _____
           Bruce Plumley
           Administrative Remedy Specialist

---

 [3] To complete exhaustion, the remedies filed at the three levels of review must pertain to the same complaint. Remedy No. 370051-F1, sought expungement of a disciplinary incident report. Administrative Remedy Appeal Nos. 373354-R1 and A-1, contested the rejection of Remedy No. 370051-F1. To be related, the three administrative remedies must challenge the same confinement issue or subject matter. In this case, specifically the expungement of the disciplinary incident report.