# Exhibit D

# Complaint – Eastern District of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Ryan Poullard )
(Shangowande Orisha-nla), )
        Plaintiff, )
)
v. )
)
Rudy Childress, et al., )
        Defendants. )

FILED - CLERK
U.S. DISTRICT COURT

2006 FEB 14 PM 2:22

TX EASTERN-BEAUMONT

COMPLAINT FOR DAMAGES

H06CV0082
Judge Clark

COMES NOW, Ryan Poullard (Shangowande Orisha-nla), Plaintiff, pro se, and for his cause of action states the following:

Jurisdiction

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Venue

2. Venue is appropriate in the Eastern District of Texas by virtue of the provisions of 28 U.S.C. 1391 (b).

Parties

3. The Plaintiff is an incarcerated inmate confined at the Beaumont Federal Correctional Complex's Low Security institution, Beaumont, Texas, in the Eastern District of Texas. Plaintiff's mailing address is Ryan Poullard (Shangowande Orisha-nla) # 06429-078 P.O. Box 26020 Beaumont, TX 77720-6020.

4. The Defendants mentioned herein were, at all times relevant hereto, officers and employees of the U.S. Department of Justice, Bureau of Prisons, with their official duty station at the Beaumont Federal Correctional Complex (FCC), Beaumont, Texas.

5. Defendant Rudy Childress is the Warden of the FCC's Low Security institution. His mailing address is: P.O. Box 26025 Beaumont, TX 77720-6025.

6. Defendant James Premo is the Administrative Remedy Coordinator for the FCC's Low Security institution. His mailing address is: P.O. Box 26025 Beaumont, TX 77720-6025.

7. Defendant J. Hollingsworth is the FCC Low Security's Associate Warden of Industries. His mailing address is: P.O. Box 26025 Beaumont TX 77720-6025.

8. Defendant Sammy Davee is the Captain of the FCC's Low Security institution. His mailing address is: P.O. Box 26025 Beaumont, TX 77720-6025.

9. Defendant Phillip Williams is a former staff Chaplain for the FCC's Low Security institution. His current mailing address is: P.O. Box 26040 Beaumont, TX 77720-6040.

10. Defendant Mack Praytor is the Supervisory Chaplain for FCC Beaumont. His mailing address is: P.O. Box 26035 Beaumont, TX 77720-6035.

11. Defendant Jon Woods is the current staff Chaplain for the FCC's Low Security institution. His mailing address is: P.O. Box 26025 Beaumont, TX 77720-6025.

12. Defendant Sharon Baird is the Plaintiff's Housing Unit Manager at the FCC's Low Security institution. Her mailing address is: P.O. Box 26025 Beaumont, TX 77720-6025.

## COUNT ONE

13. Beginning on or about October 6, 2004, and continuing up to the present date, the Defendants and each of them, on numerous occasions, did combine, conspire, and confederate together and with divers others, the identity of whom are unknown to the Plaintiff, to punish the Plaintiff for, and prevent the Plaintiff from exercising his constitutionally protected religious freedoms.

14. At all times relevant hereto, the Defendants knew or should have known that the Plaintiff possessed a first amendment right to use his religious name in conjunction with his committed name without incurring reprisal from the Defendants. The Defendants did, with bad purpose and evil motive, embark upon a campaign of reprisal by transferring the Plaintiff from his living quarters in a dormitory type setting in the general population, to a locked-cell wherein the Plaintiff

was locked-up 23 hours on week days and 24 on weekends, by denying the Plaintiff the right to observe his faith's religious holy days, and by refusing to accept and/or process the Plaintiff's Administrative Remedy complaints.

15. It was the object of the conspiracy by the Defendants to punish the Plaintiff for filing numerous Administrative Remedy complaints against various individuals employed by the Bureau of Prisons, and to suppress the free exercise of the Plaintiff's religion.

16. At all times relevant hereto, the Defendants, and each of them, in discharging their discretionary duties were acting under color of law, and in furtherance of the conspiracy, did commit the following acts, to wit:

A. On or about March 3, 2005, Plaintiff was handcuffed in the center of the Religious Services Department and escorted to the Special Housing Unit where he was held for eight days. Defendant Jon Woods interrupted the Ifa (General Yoruban Program) community's religious service and ordered the Plaintiff to step outside the faith group's designated meeting area. When the Plaintiff stepped outside as ordered, he was handcuffed in the plain view of the fellow members of his faith group and taken to the Lieutenant's office. In the Lieutenant's office Defendant Sammy Davee questioned the Plaintiff's right to use his religious name and then ordered his officers to confine the Plaintiff in the Special Housing Unit as punishment for using his religious name. See First Amendment Exhibit.

B. On or about February 7, 2005, Plaintiff was informed in writing by Defendant Jon Woods that the Ifa (General Yoruban Program) holy day observances, as included in the Plaintiff's New and Unfamiliar Religious Components submittal, would not be honored or implemented by the institutions Religious Services Department. The Plaintiff submitted an Informal Resolution Attempt to contest this prohibition of the free exercise of his religion but Religious Services staff refused to honor and respect the Plaintiff's sincerely held religious beliefs. See Exhibit A. Plaintiff's New and Unfamiliar Religious Components Questionnaire responses were

initially submitted on April 27, 2004. After examining this submittal, Defendant Phillip Williams instructed the Plaintiff to provide more information and to expound on a list of topics and additional questions. See Exhibit B. Plaintiff revised his submittal to address Defendant Phillip Williams' areas of concern and resubmitted his paperwork on June 14, 2004. See Exhibit C. On July 6, 2004, Defendant Phillip Williams met with the Plaintiff to request further verbal explanation of the details of his faith. After the Plaintiff provided these explanations, Defendant Phillip Williams informed the Plaintiff that his submittal was now completely acceptable and that Defendant Mack Praytor was the new Supervisory Chaplain to which all concerns could be addressed. Plaintiff's final submittal was subsequently approved by Defendant Rudy Childress and then forwarded to regional staff for review. Plaintiff's holy day information was approved by a practicing Ifa priestess in Dallas, Texas, whose contact information was included in the Plaintiff's submittal. Plaintiff's religious holy day observances have been denied, for an entire year, by Defendants Rudy Childress, Mack Praytor, and Jon Woods without regard for Plaintiff's community and regional approval, or Plaintiff's sincerely held religious beliefs.

C. On or about October 6, 2004, and continuing up to the present date, numerous attempts were made by the Plaintiff to address sensitive religious matters via Administrative Remedy complaints. All Administrative Remedy Requests and an Informal Resolution Attempt have been completely ignored by Defendant James Premo for Plaintiff's use of his religious name. See Religious Name Exhibit. On March 27, 2005, Defendant Mack Praytor stated in an Informal Resolution response that he had "advised staff not to respond to" Plaintiff's requests, and Defendant Praytor made reference to Plaintiff's religious name being a "false name." Plaintiff filed an Administrative Remedy complaint to address this matter but it was not acknowledged. See Exhibit D. To provide Defendant Rudy Childress with legal notice of his subordinates' ongoing prohibition of the Plaintiff's free exercise of his sincerely held religious beliefs, Plaintiff submitted an Informal Resolution Attempt addressed to Defendant Childress.

On April 7, 2005, Defendant Sharon Baird returned this Informal Resolution Attempt unanswered to the Plaintiff stating that the use of his religious name rendered it unacceptable. See Exhibit E. On March 13, 2005, while working under the supervision of Defendant Mack Praytor, Defendant Jon Woods implemented a biased chapel schedule change that was approved by Defendant J. Hollingsworth. Plaintiff submitted an Informal Resolution Attempt addressed to Defendant J. Hollingsworth requesting that his faith group be given the same amount of chapel time that the brazenly favored Jewish faith group had been given. This attempt was ignored. See Exhibit F. On November 11, 2005, while working under the supervision of Defendant Mack Praytor, Defendant Jon Woods implemented a revised chapel schedule that was approved by Defendant J. Hollingsworth. To address the blatant Catholic and Jewish favoritism included in this schedule, Plaintiff submitted an Administrative Remedy complaint on December 28, 2005, requesting that his faith group be granted the same amount of chapel time that the favored faith groups had been given. This complaint was ignored. See Exhibit G. Per Administrative Remedy Program Statement 1330.13, page 4, paragraph 8, "the Unit Manager is responsible for ensuring that inmate notices are printed and delivered daily for inmates in their units...." Defendant Sharon Baird is the Plaintiff's Unit Manager, and Plaintiff's requests to Defendant Baird for the requisite notice from his December 28, 2005, Administrative Remedy complaint were ignored. See Exhibit H. For almost an entire year the official chapel schedule has granted twice as much chapel time to favored faith groups, and equal protection of the laws and "equity in matters of religion" have been denied the Plaintiff.

17. As a direct and proximate result of the acts of the Defendants, and each of them, the Plaintiff lost his natural rest and sleep, suffered pain and emotional trauma, depression, anxiety and apprehension, was transferred from "open population" to a two-man cell wherein he was confined 23 hours on weekdays and 24 hours on weekends, and was made to feel that his sincerely held religious beliefs were inferior

to the religious beliefs of others.

18. Deliberately discriminating against a prisoner because of his religious or ethnic attributes, or giving a prisoner additional punishment without due process are acts which prison officials knew or should have known are constitutional violations. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## COUNT TWO

19. As evident by the allegations in paragraphs 13-18 of this complaint, the Defendants, and each of them, have knowingly, willfully, and maliciously prohibited the free exercise of Plaintiff's religion and have denied him all access to the Bureau of Prisons' Administrative Remedy Program. Because of this, Plaintiff's constitutional rights have, and will continue to be violated.

### Relief Requested

20. Plaintiff, as a direct and proximate result of the Defendants and each of them, as aforesaid, has been damaged in the amount of $ 6.1 million dollars. This total amount is to be divided among the Defendants in the following manner:

(1) Plaintiff prays for judgment against Defendant Jon Woods in the amount of $ 600,000 dollars, and judgment against Defendant Sammy Davee in the amount of $ 200,000 dollars for the acts alleged in paragraph 16A.

(2) Plaintiff prays for judgment against Defendant Phillip Williams in the amount of $ 380,000 dollars, judgment against Defendant Mack Praytor in the amount of $ 380,000 dollars, judgment against Defendant Rudy Childress in the amount of $ 380,000 dollars, and judgment against Defendant Jon Woods in the amount of $ 380,000 dollars for the acts alleged in paragraph 16B.

(3) Plaintiff prays for judgment against Defendant James Premo in the amount of $ 600,000 dollars, judgment against Defendant Mack Praytor in the amount of $ 1,110,000 dollars, judgment against Defendant Rudy Childress in the amount of $ 1,000,000 dollars, judgment against Defendant Sharon Baird in the amount of $ 50,000 dollars, judgment against Defendant Jon Woods in the amount of $ 510,000

dollars, and judgment against Defendant J. Hollingsworth in the amount of $ 510,000 dollars for the acts alleged in paragraph 16C.

Plaintiff further seeks costs, attorney's fees if applicable, and any further relief that the Court shall deem just and proper.

Verification

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746. Signed this 5th day of February, 2006.

Respectfully submitted,

Ryan Poullard # 06429-078
(Shangowande Orisha-nla)
P.O. Box 26020
Beaumont, TX 77720-6020

## ATTESTATION
## COMPLAINT FOR DAMAGES

UNITED STATES DISTRICT COURT   )
EASTERN DISTRICT OF TEXAS       ) ss.

COMES NOW, Ryan Poullard (Shangowande Orisha-nla), the Plaintiff in the above entitled action, and states under his oath and under the pains and penalties of perjury that the allegations contained in the foregoing complaint wherein he is the Plaintiff and Rudy Childress, James Premo, J. Hollingsworth, Sammy Davee, Phillip Williams, Mack Praytor, Jon Woods, and Sharon Baird are the Defendants, are the truth according to his best knowledge, information, and belief.

IN WITNESS WHEREOF, he has signed his name hereto this 5th day of February, 2006.

Ryan Poullard
(Shangowande Orisha-nla)
Plaintiff, pro se