Exhibit A

Bro. Shangowande Al-Hijr
a.k.a. Ryan Poullard
06429-078
P.O. Box 26020
Beaumont, Tx 77720-6020

Mr. Matthew Orwig
United States Attorney
350 Magnolia
Beaumont, Tx 77701

October 27, 2004 (42 A.D.)

Dear Mr. Orwig,

   Texas State Representative Joseph Deshotel spoke with you some time ago on my behalf to find out if anything could be done to reduce my sentence. Mr. Deshotel presented certificates, transcripts, and letters of recommendation from institution staff. He informed me that you had expressed a willingness to **"help me,"** but substantial government assistance would be a necessary prerequisite. After being arrested and convicted I intentionally severed all remaining ties with my former lifestyle, and this severance rendered me incapable of gathering information related to past or current drug activities. However, while incarcerated at Beaumont Low I have observed a trend of large scale religious discrimination and total disregard for the proper handling of mail material. When staff misconduct of this sort started to infringe upon my personal rights which are protected by the **Code of Federal Regulations** and B.O.P. policy, I sought recourse through the Bureau's Administrative Remedy Program. In doing so, I inadvertently stumbled upon the apparent "ring leaders" of these illegal activities.

   This accidental discovery has made me a target for additional harassment, and it has put some sort of red flag on my outgoing mail (and possibly incoming also). Mail that is addressed to the Regional Director for Administrative Remedy Appeals is not being permitted to leave the institution. A package with an appeal and an abundance of supporting evidence was stopped at the mail room, opened, read, resealed, and returned to me without having left the facility. This package was forwarded on 10/13/04 and was held until 10/25/04 when it was returned to me. I made a second attempt to forward this package on 10/26/04 and it was returned on 10/27/04 without having been delivered to the post office. This second return angered some of the housing unit staff members and they questioned me in an attempt to figure out how I managed to get the package past their "invisible barriers," so to speak.

   If a federal Marshall or agent were to search the office of Correctional Counselor R. Parquet (Unit 5A), he/she would find a package dated 10/21/04 that has never been

(next page)

forwarded to the institution mail room, not to mention the post office. This package also contains a Regional Administrative Remedy Appeal and an abundance of supporting evidence. On this day, Wednesday 10/27/04, I will make a third attempt to forward the first package (10/13/04) to the regional office, but I seriously doubt that it will be permitted to leave the institution. I have enclosed copies of the contents of these packages and these documents evidence several criminal violations.

I also had a "New and Unfamiliar" religion approved by the regional office for introduction at the Beaumont Low facility, but as of 10/27/04, no efforts whatsoever have been made by Warden Ray Childress to meet the religious needs of this faith group. This religion was approved on 9/24/04, and I think more energy will be put into keeping me quiet than into introducing this "New and Unfamiliar" religion.

Come what may I will continue to fight and I will forward any useful evidence to your office. If the enclosed documentation will provide sufficient evidence for criminal prosecutions, please send an agent to debrief me at the Beaumont Federal Correctional Complex's Low Security institution. DEA agent Tim Durisoe has visited me at this institution in the past. If there are any instructions or tips that you would like to give me, please contact State Rep. Joseph Deshotel at (409) 781-9221, or my father at (409) 835-7114. I hope that this evidence and my cooperation will be of use to you, and I thank you for your time and attention.

Sincerely,

Shangowande Al-Hijr
a.k.a. Ryan Poullard



- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Matthew Orwig
United States Attorney
350 Magnolia
Beaumont, Tx 77701

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_____                  11-1-04

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7003 1680 0005 0390 1425

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
Mailed on 10/28/04

Sender: Please print your name, address, and ZIP+4 in this box.

bro. Shangowande-Al-Hijj
a.k.a. Ryan Poullard
06429-078
P.O. Box 26020
Beaumont, Tx 77720-6020

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Exhibit B

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Admin. Remedy Coordinator & Clerk | DATE: 03/30/05 (42 A.D.) |
|---|---|
| FROM: Ryan Poullard/Shangowande Orisha-nla | REGISTER NO.: 06429-078 |
| WORK ASSIGNMENT: Safety | UNIT: SA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Per Regional Director Ronald G. Thompson's wording in the attached official BP-10 response, "when staff request you sign Bureau of Prisons forms or documents, you do so voluntarily." Please note that I have exercised my "option of refusing to sign" in the submission of this 'Request for Administrative Remedy.'

Thank you for your assistance.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                    Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86
                                             and BP-S148.070 APR 94

Printed on Recycled Paper

    REG. NO. ███████     RECEIPTED: 03-05-03

CASE NO. 291087-R1        PART B - RESPONSE

You are appealing the Warden's response to your complaint regarding your committed name. Specifically, you allege staff are violating your constitutional rights by not allowing you to add words or phrases after your committed name when you sign official Bureau of Prisons documents. For relief, you request the Warden's response be reversed and instruct staff not to force you to sign your name without being allowed to reserve your rights by adding words or phrases behind your signature.

The Warden's response appropriately addressed your concerns regarding the issue of your committed name. Program Statement 5800.13, *Inmate Systems Management Manual*, states in part, "The name entered on the Judgement and Commitment Order is to be considered the committed name to be used by the inmate, as well as the Bureau of Prisons. SENTRY must reflect the committed name, which may only be changed by federal court order." Additionally, Program Statement 5800.08, *Receiving and Discharge Manual*, indicates, "the name appearing on the Judgment and Commitment Order (J&C) is the exact name to be used on all paperwork, files, etc. Name changes shall only be accepted by a federal court order." Your name, as it appears on your J&C, is ███████, and should be used by you when signing official documents.

When staff request you sign Bureau of Prisons forms or documents, you do so voluntarily. You have the option of refusing to sign any document and staff will note your refusal accordingly.

You have provided no evidence to substantiate your claim staff have violated your constitutional rights. Based on the above, your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

_4-30-2003_
Date

Ronald G. Thompson
Regional Director

SENSITIVE - LIMITED OFFICIAL USE

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Poullard, Ryan E.__  
__Shangowande Orisha-nla__      __06429-078__    __SA__    __FCC Beaumont Low__  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST   Per P.S. 1330.13 page 10 section (3), "when deciding whether to reject a submission, Coordinators, especially at the institution level, should be flexible keeping in mind that major purposes of this Program are to solve problems and be responsive to issues inmates raise." SEE Attachment A. Administrative Remedy Coordinator (A.R.C.) James Premo has, on several occasions, displayed an indifference that can be likened unto scorn in his handling of my Administrative Appeals. All of the issues raised in said appeals have revolved around religious matters that are, or were sensitive and problematic in nature. Since the fourth week of September 2004, I have made six fruitless attempts to address my grievances via the Bureau's Administrative Remedy Program. My first attempt was held for almost two weeks before being logged into the SENTRY index, and a post-it with "rejection plans" was accidentally left on my returned BP-9. SEE Attachment B. To deal with A.R.C. James Premo's failure to perform as instructed by P.S. 1330.13, I submitted an 'Informal

__03/30/05 (42 A.D.)__        (next page)      _____  
DATE                                              SIGNATURE OF REQUESTER

Part B- RESPONSE

_____                         _____  
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

                                                  CASE NUMBER: _____

Part C- RECEIPT  
Return to: _____  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                         _____  
DATE                                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                           BP-229(13)  
                                                  APRIL 1982

Resolution Attempt' on 11/04/04. **SEE Attachment C.** This attempt was returned unanswered on 11/08/04 for signature related reasons. **SEE Attachment D.** Signatures <u>are not</u> requested in the submission of 'Informal Resolution Attempts,' therefore, A.R.C. James Premo's discriminatory actions must be construed as having been performed in his personal capacity. On 10/07/04 I submitted an administrative Appeal requesting relief from staff harassment and disparagement of my sincerely held religious beliefs. **SEE Attachment E.** This appeal was rejected, and A.R.C. James Premo's rejection reasons included my use of "Bro." and "a.k.a." in the heading of said BP-9. **SEE Attachment F.** To comply with A.R.C. James Premo's heading standard, I re-typed my entire appeal making sure to exclude "Bro." and "a.k.a." To my dismay, this resubmission was rejected for reasons that should have been listed in A.R.C. James Premo's initial rejection. **SEE Attachment G.** On 03/14/05 I submitted an Administrative Appeal that addressed Chaplain Jon Woods' religious persecution and unlawful use of BOP disciplinary machinery. This appeal was returned on 03/16/05 with an unsigned rejection notification that stated, "must be signed with your official name only." To obtain a clearer understanding of the legalities employed to substantiate A.R.C. James Premo's signature claims, I submitted an 'Inmate Request to Staff.' **SEE Attachment H.** The response to this request cited a Program Statement that was also cited by Regional Director Ronald G. Thompson in an official BP-10 response. **SEE Attachment I.** Regional Director Thompson's wording in said response touched upon the purely voluntary nature of inmate signatures, and the "option of refusing to sign any document." After re-typing the appeal in question, I attached an 'Inmate Request to Staff' that informed A.R.C. James Premo of my having exercised the inmate "option of refusing to sign" in my resubmittal. **SEE Attachment J.** Again my appeal was rejected. In examining this returned appeal packet, I discovered that my formal Request had never been entered into the SENTRY index (no case #). My BP-9 form did not bear the received date that the Administrative Remedy Clerk is required to stamp on all appeals, and the requisite SENTRY generated notice was not attached. An unofficial note was used in lieu of the Bureau's standard rejection form. **Compare Attachments K & L.** A.R.C. James Premo has refused to be "responsive" to the sensitive issues that I have raised, and he has used my exercise of a constitutionally protected religious freedom as a reason for rejection on several occasions (the use of both my religious & committed names). After having made every conceivable effort, within the bounds of my sincerely held religious beliefs, to respectfully address my grievances through the Administrative Remedy Program, A.R.C. James Premo continues to exhibit a blatant disregard for my legitimate complaints. In view of the foregoing, A.R.C. James Premo's pattern of deliberate nonfeasance is in fact evidence of his active involvement in, and tacit approval of all staff harassment, discrimination, misconduct, and unlawful activity addressed in said appeals. Please put a <u>prompt</u> stop to A.R.C. James Premo's discriminatory behavior.

Thank you for your assistance.