Attachment A

P.S. 1330.13
CN-01, April 24, 1996
Page 10

\* For example, Wardens must ensure that staff (ordinarily unit staff) provide assistance in the preparation or submission of an Administrative Remedy or an Appeal upon being contacted by such inmates that they are experiencing a problem. \*

11.  [RESUBMISSION §542.17

   a. Rejections. The Coordinator at any level (CCM, institution, region, Central Office) may reject and return to the inmate without response a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, or does not meet any other requirement of this part.

   b. Notice. When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.]

      (1) Sensitive Submissions. Submissions for inmate claims which are too sensitive to be made known at the institution are not to be returned to the inmate. Only a rejection notice will be provided to the inmate. However, other rejected submissions ordinarily will be returned to the inmate with the rejection notice.

      (2) Defects. Defects such as failure to sign a submission, failure to submit the required copies of a Request, Appeal, or attachments, or failure to enclose the required single copy of lower level submissions are examples of correctable defects. Ordinarily, five calendar days from the date of the notice to the inmate is reasonable for resubmission at the institution level; at least 10 calendar days at the CCM or regional offices; and 15 calendar days at the Central Office.

      (3) Criteria for Rejection. When deciding whether to reject a submission, Coordinators, especially at the institution level, should be flexible, keeping in mind that major purposes of this Program are to solve problems and be responsive to issues inmates raise. Thus, for example, consideration should be given to accepting a Request or Appeal that raises a sensitive or problematic issue, such as medical treatment, sentence computation, staff misconduct, even though that submission may be somewhat untimely.

   [c. Appeal of Rejections. When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection, including a rejection on the basis of an exception as described in §542.14 (d), to the next appeal level. The Coordinator at that level may affirm the rejection, may direct that the submission be accepted at the lower level (either upon the

Attachment B

U.S. DEPARTMENT OF JUSTICE                                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Bro. Shangowande Al-Hijr**
**A.K.A. Poullard, Ryan E.**      06429-078        SA        Beaumont Low
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST    Chaplain Watanabe stated in his response to my 'Informal Resolution Attempt' that "F.O.I. materials are not permitted in any Bureau of Prison facility in the State of Texas." Federal inmates throughout the Bureau of Prisons are guaranteed the same rights and religious freedoms, and these rights and freedoms are derived from the Code of Federal Regulations. Institution location is not a factor. This alleged "F.O.I. prohibition" is not mentioned in P.S. 5360.08 (Religious Beliefs and Practices), nor is it mentioned in BMX 5360.08C (Complex Supplement). Thus the confiscation in question evidences clear and irrefutable violations of P.S. 5360.08, BMX 5360.08C, 28 C.F.R. §548.10, U.S.C. 18 §241, and U.S.C. 18 §242. Please return these F.O.I. materials immediately. Also, please provide me with the date, and the manner in which I was "previously advised" by Chaplain Watanabe in relation to this "State of Texas F.O.I. prohibition."

Thank you for your assistance.

9/18/04 (42 A.D.)
DATE                                        SIGNATURE OF REQUESTER

Part B- RESPONSE

Your request was addressed
BP-9 #
1st Reject Not
Signed appropriately
and/or addressed
correctly

The issue you have
was addressed

[handwritten notes] your signature
but he clearly
Watts

RECEIVED
OCT - 6 2004
WARDEN'S OFFICE
FCC BEAUMONT (LOW)

DATE                                        WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*
ORIGINAL: RETURN TO INMATE                                CASE NUMBER: 354154-F1

                                                    CASE NUMBER: _____
Part C- RECEIPT
Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

State of Texas, ... Federal inmates throughout the Bureau o[f] rights and religious freedoms, and these rights and freed[oms] Federal Regulations. Institution location is not a facto[r] is not mentioned in P.S. 5360.08 (Religious Beliefs and [...]) BMX 5360.08C (Complex Supplement). Thus the confiscatio[n] irrefutable violations of P.S. 5360.08, BMX 5360.08C, 28 and U.S.C. 18 §242. Please return these F.O.I. materials me with the date, and the manner in which I was "previous[ly]" relation to this "State of Texas F.O.I. prohibition."

Thank you

9/18/04 (42 A.D.)
DATE

Part B- RESPONSE

Your request was addressed BP-9 # _____

15B Reject Not Signed appropriately and/or addessed correctly.

The issue you raised was addressed

remember your signature must be clearly written

Attachment C

Administrative Remedy Coordinator

BMC 1330.13
[date]
Attachment, A

DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmates Name: Bro. Shangowande Al-Hijr a.k.a. Ryan Poullard    Reg. No. 06429-078    Unit, SA

Specific Complaint and Requested Relief: Correctional Counselor Allen forwarded Administrative Remedy case number 354154-F1 to the Administrative Remedy Clerk during the fourth week of September. I was present when Counselor Allen put my Request in the institutional envelope that is used for sending paperwork to the various institution departments. The Clerk should have received my Request by no later than Monday 9/27/04. However, the received date on my Request and my rejection notice is 10/06/04. This leaves seven working days completely unaccounted for. P.S. 1330.13 (Administrative Remedy Program) states that the Administrative Remedy Coordinator is responsible for ensuring the accuracy of dates, and the 10/06/04 date on my rejection notice is definitely inaccurate. SEE Attachment A. Also, the Criteria for Rejection section of P.S. 1330.13 instructs Coordinators to be flexible and to keep in mind that the major purposes of this Program are to solve problems and be responsive to issues inmates raise. SEE Attachment B.    (Complaint continued on next page.)

Efforts Made By Inmate To Informally Resolve Grievance (Be Specific)

_____
_____
_____
_____
_____
_____
_____

Counselor's Comments: _____
_____
_____
_____
_____
_____

Correctional Counselor's Review/Date            Unit Manager's Review / Date

The "post-it" that was left on my rejected Request proves that more effort was put into finding a reason for rejection than into being flexible. SEE Attachment C. To avoid any problems in the processing of my resubmission, please provide me with a copy of the Program Statement that sets forth the "clarity standard" for signatures. And please advise me as to why my request was held for almost two weeks before it was logged into the SENTRY index.

                              Thank you for your assistance.