UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN POULLARD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1768 (HHK) |
| HARLEY LAPPIN, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY AND OPPOSITION TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT OR TO TRANSFER,
AND CROSS-MOTION FOR SUMMARY JUDGMENT**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully file this reply memorandum and opposition to plaintiff *pro se*'s Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment or to Transfer, and Cross-Motion for Summary Judgment. ("Pltf's Opp."). Plaintiff has failed to state a claim upon which relief can be granted under the Religious Exercise in Land Use and By Institutionalized Persons Act ("RLUIPA"), because the act does not apply to federal prisons.[1] In addition, plaintiff's claim under the Religious Freedom Restoration Act of 1993 ("RFRA") is now moot. Finally, even if plaintiff's claims survive the motion to dismiss or for summary judgment, transfer of this matter to the Eastern District of Texas is appropriate. Accordingly, for reasons stated in Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment or to Transfer (Defendants' Motion) and herein, defendants respectfully reiterate their request that the Court dismiss this suit, enter summary judgment in defendants' favor, or transfer this matter to

---

[1] This argument is addressed in Defendants' Motion to Dismiss or, in the Alternative, For Summary Judgment or to Transfer. See Docket Entry No. 14.

the Eastern District of Texas.

## ARGUMENT

**1. This Matter Should be Transferred to the Eastern District of Texas.**

Title 28, United States Code, Section 1391 (e) provides that:

[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Title 28, United States Code, Section 1404(a) provides that:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The District of Columbia Circuit in Starnes v. McGuire, 512 F.2d 918 (D.C. Cir. 1974) (en banc) set out a number of factors for a District Court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside of the District of Columbia. The factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. Starnes, 512 F.2d at 929-33.

Notably, plaintiff agrees that "transfer would preserve resources." Pltf's Opp. at p. 1. However, he nevertheless appears to argue that this matter should not be transferred because he wrote a letter "to the United States Attorney for the Eastern District of Texas[which] addressed [alleged] . . . violations that were being committed by staff members at Plaintiff's place of

2

incarceration [in Beaumont, Texas] . . . ." Id. at p. 2.[2]

Plaintiff fails to establish any valid objection to transfer. In addition, plaintiff is *pro se* and will not have difficulty communicating with counsel. Moreover, plaintiff would have to be transferred to the District of Columbia for litigation of this matter unnecessarily imposing burdens on the government. Finally, plaintiff is incarcerated in Beaumont, Texas; the witnesses and files related to the matter are located in Beaumont, Texas; and the implementation of the policy at issue took place in Beaumont, Texas. Therefore, for the convenience of parties and witnesses, and in the interest of justice, this matter would be most appropriately litigated in the United States District Court for the Eastern District of Texas. See Levitan v. U.S. Dep't of Justice, Civil Action No. 03-1916, slip op. at 4 (D.D.C. Aug. 12, 2004)("Because the implementation of policy is at issue, and because that implementation took place [in the plaintiff's place of incarceration], venue is more appropriately laid [there]."); Meyer v. Fed. Bureau of Prisons, 9292 F.Supp. 10, 14 (D.D.C. 1996)(where alleged incident took place in Springfield, Missouri; defendant resides in Missouri as do other prison officials; there is no factual connection between the plaintiff's claim and Washington, D.C.; and plaintiff has not set forth any reason why Washington, D.C. is a more convenient venue for the case, transfer to the Western District of Missouri is in order.).

**2. Plaintiff's Claim Under the Religious Freedom Restoration Act is Moot.**

Plaintiff argues that he should be permitted to "use both his religious and committed names on Administrative Remedy Requests, on legal documents, and on all prison paperwork...."

---

[2]These alleged violations were addressed in a Complaint filed by plaintiff, in the Eastern District of Texas, Beaumont Division. See Defendants' Motion, Exhibit D (Ryan Poullard v. Rudy Childress, et al., Civil Action No. 1:06CV82.

3

See Complaint ¶ 21(2).  He claims that, by not being permitted to do so, he is substantially burdened under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.

On October 31, 2006, the staff at the Federal Correctional Complex in Beaumont, Texas, where plaintiff is incarcerated, "was instructed that effective immediately inmates would be allowed to use their religious names for official purposes if used in conjunction with their committed names and inmate numbers."  Declaration of Francisco J. Quintana, Deputy Warden, Federal Bureau of Prisons, Federal Correctional Complex, Low Security Institution, Beaumont Texas ("Quintana Decl.") ¶ 3, attached as Exhibit 1.  Therefore, plaintiff is now able to use his religious and committed names for all official purposes at the institution as requested, and there is no issue in dispute.  Plaintiff's claim of being substantially burdened under the Religious Freedom Restoration Act is now moot.[3]

Article III, Section 2 of the Constitution permits federal courts to adjudicate only "actual, ongoing controversies."  McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) citing Honig v. Doe, 484 U.S.305, 317 (1988).  Where the question sought to be adjudicated has been rendered moot by events subsequent to the filing of a complaint, no justiciable controversy is presented, and a federal court can grant no effective relief.  Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir.1986); Canez v. Guerrero, 707 F.2d 443 (9th Cir.1983).   In the instant case, there is presently no case or controversy remaining upon which the Court has any subject matter jurisdiction to act.  See Iron Arrow Honor Society v. Heckler, 464 U.S. 67 (1983) (Federal courts

---

[3]RFRA does not provide for awarding money damages against the government.  See Webman v. Federal Bureau of Prisons, 441 F.3d 1022 (D.C. Cir. 2006).

lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.). Therefore, plaintiff's claim is moot. Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, his claim should be dismissed.

**CONCLUSION**

Accordingly, for the reasons set forth above, defendants respectfully request that the Court dismiss this action, or in the alternative, grant defendants' motion for summary judgment. Should the Court deny defendants' motion to dismiss or for summary judgment, defendants request that the Court transfer this action to the Eastern District of Texas.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR # 435409
Assistant United States Attorney
555 Fourth Street, N.W.
Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants


Of Counsel:

Alma G. Lopez
Assistant General Counsel
Federal Bureau of Prisons
Office of General Counsel
Litigation Branch
320 First Street, N.W., Room 977E
Washington, D.C.  20534

## CERTIFICATE OF SERVICE

I certify that, on this <u>18th</u> day of December 2006, the foregoing, was mailed postage prepaid to:

Ryan Poullard
#06429-078
Federal Correctional Institution
POB 26020
Beaumont, Texas 77720

/s/
MARIAN L. BORUM
Assistant United States Attorney