Ryan Poullard Reg. #06429-078
(Shangowande Orunmila)
P.O. Box 26020
Beaumont, TX 77720-6020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 8  2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ryan Poullard                       )
(Shangowande Orunmila),             )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action No.  05-1768 (HHK)
                                    )
HARLEY LAPPIN, et al.,              )
            Defendants.             )

ANSWER TO DEFENDANTS' REPLY AND OPPOSITION TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT OR TO TRANSFER, AND CROSS-MOTION
FOR SUMMARY JUDGMENT

Plaintiff pro se, Ryan Poullard (Shangowande Orunmila), respectfully files this Answer to Defendants' Reply and Opposition, and would show the Court the following:

I.

In defendants' reply and opposition counsel for the defendants alleges that plaintiff's claim under the Religious Freedom Restoration Act is moot. To support this baseless assertion defendants have relied solely upon the Declaration of Francisco J. Quintana, which attempts to temporarily remedy the issues addressed in plaintiff's Complaint at ¶ 21(2). However, Francisco J. Quintana's declaration is directly at odds with the arguments presented to the Court in Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment or to Transfer.

Defendants sternly argued in their motion that "Permitting an inmate to sign prison documents with a temporary name, religious or not, of which prison officials have no official record, and then change to yet another name of which prison officials have no official record, **would not only contravene BOP regulations but, would create confusion and impair prison officials' attempts to maintain accountability and order within the prison.**" (emphasis added) See Defendants'

Motion at IV B(2) page 21. Now, after the government has clearly articulated the demands and requirements of "BOP regulations," Deputy Warden Quintana is attempting to lead the Court into believing that his "exercise of discretion" permits him to disregard entrenched regulations that were used against the plaintiff for more than a year.

Deputy Warden Quintana stated in his declaration that "The Warden in its exercise of discretion, may develop policies and programs at the local level **which are consistent with the security of the institution and national policy."** (emphasis added) See Declaration of Francisco Quintana at ¶ 2. Using this statement as the basis for his actions Deputy Warden Quintana went on to assert that "At the FCC Beaumont Department Head meeting, held on October 31, 2006, staff was instructed that effective immediately inmates would be allowed to use their religious names for official purposes if used in conjunction with their committed names and inmate numbers." Id. at ¶ 3. Perjury has clearly been committed and Deputy Warden Quintana, according to defendants' previous arguments, has acted in a manner which contravenes BOP regulations. Defendants have submitted conflicting arguments to this honorable Court and plaintiff is therefore entitled to summary judgment.

## II.

Building upon the actions taken by Deputy Warden Quintana, counsel for the defendants has made a defiant attempt to attack the Court's jurisdiction in this action. Counsel stated that "In the instant case, there is presently no case or controversy remaining upon which the Court has any subject matter jurisdiction to act." See Defendants' Reply and Opposition at ¶ 2 page 4. Counsel for the defendants has obviously made use of "selective vision" in his reading of plaintiff's Complaint.

Paragraph 21 of plaintiff's Complaint, which was "selectively" cited in defendants' reply and opposition, asks the Court to "Remove unlawful infraction

-2-

for using both religious and committed names from plaintiff's chronological disciplinary record." As stated in paragraph 14 of plaintiff's Complaint, "this infraction (incident report # 1317842) remains on the plaintiff's record to date." See Exhibit A. Furthermore, instructions given to local staff members at a local Department Head meeting do not satisfy plaintiff's requested relief as found at ¶ 21(3) of plaintiff's Complaint. Defendants' attempts to conceal the "actual ongoing controversies" in this case must fail and plaintiff should be granted summary judgment.

## CONCLUSION

Accordingly, for the reasons set forth above, plaintiff respectfully requests that the Court deny defendants' motion for summary judgment. Plaintiff further prays an Order of the Court granting summary judgment in his favor.

Respectfully submitted on this 2nd day of January, 2007.

Ryan Poullard
(Shangowande Orunmila)
Plaintiff, pro se

EXHIBIT A

```
BMLG9              *        INMATE DISCIPLINE DATA         *    12-28-2006
PAGE 001 OF 001    *     CHRONOLOGICAL DISCIPLINARY RECORD *    10:35:05

REGISTER NO: 06429-078  NAME..: POULLARD, RYAN EDWARD
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO     MOS PRIOR TO 12-28-2006
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1491830 - SANCTIONED INCIDENT DATE/TIME: 07-19-2006 1440
DHO HEARING DATE/TIME: 08-08-2006 1015
FACL/CHAIRPERSON.....: BML/KELLEY A
APPEAL CASE NUMBER(S): 425337
REPORT REMARKS.......: ADMITTED ITEMS WERE IN LOCKER DUE TO RELIGIOUS REASONS
                       COULD NOT PUT PERSONAL ITEMS LOCKER DUE TO NO SPACE
    305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
         LP PHONE   / 90 DAYS / CS
         COMP:     LAW:     LOSS PHONE UNTIL 11-08-2006
    330  BEING UNSANITARY OR UNTIDY - FREQ: 1
         LP COMM    / 90 DAYS / CS
         COMP:     LAW:     LOSS OF COMMISSARY UNTIL 11-08-2006
-------------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1317842 - SANCTIONED INCIDENT DATE/TIME: 03-03-2005 1255
UDC HEARING DATE/TIME: 03-08-2005 1945
FACL/UDC/CHAIRPERSON.: BML/SA/THOMAS
REPORT REMARKS.......: 10 HOURS EXTRA DUTY
    311  FAILING TO WORK AS INSTRUCTED - FREQ: 1
         EXTRA DUTY / 10 HOURS / CS
         COMP:     LAW:     10 HOURS EXTRA DUTY




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

CERTIFICATE OF SERVICE

I certify that, on this __2ⁿᵈ__ day of January 2007, the foregoing Answer to Defendants' Reply and Opposition, was mailed to the Clerk of the United States District Court for the District of Columbia.

                                        _____
                                        Ryan Poullard
                                        (Shangowande Orunmila)
                                        Plaintiff, pro se