UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN POULLARD,<br><br>          **Plaintiff,**<br><br>          v.<br><br>HARLEY LAPPIN *et al*,<br><br>          **Defendants.** | Civil Action 05-1768 (HHK) |

**TRANSFER ORDER**

This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment or to transfer the case pursuant to 28 U.S.C. § 1404(a). Plaintiff, a federal prisoner, sues Bureau of Prisons Director Harley Lappin and BOP National Inmate Appeals Administrator Harrell Watts in their official capacities.[1] He alleges that they are violating his First Amendment right to exercise his religion by refusing to allow him to use his "religious and committed names." Compl. ¶ 17. Plaintiff also alleges that he was retaliated against when he sought redress. He seeks declaratory and injunctive relief.

Section 1404(a) of Title 28 of the United States Code authorizes a case to be transferred in the interest of justice "for the convenience of parties and witnesses." *Id*. Consideration is given to such factors as the difficulty of transporting the prisoner for court proceedings, the availability of witnesses and files, the speed of resolution of the case, and

---

[1] A lawsuit against a federal employee in his official capacity is in essence against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991).

whether the case involves issues of national policy.  *Starnes v. McGuire*, 512 F.2d 918, 929-33 (D.C. Cir. 1974).  The alleged events forming the basis of the complaint occurred at plaintiff's place of confinement, the Federal Correctional Center in Beaumont, Texas.  Plaintiff has not refuted defendants' argument for transferring the case to the Eastern District of Texas, *see* Def.'s Mem. at 5-6, and agrees that "transfer would 'preserve resources' [at least] for the Defendants."  Pl.'s Opp. [Dkt. No. 16] at 2.  The record reveals no basis for maintaining the case here.  Accordingly, it is this 1st day of February 2007,

**ORDERED** that defendants' motion to transfer [Dkt. No. 14] is **GRANTED**; and it is

**FURTHER ORDERED** that pursuant to 28 U.S.C. § 1404(a), this case is **TRANSFERRED** to the United States District Court for the Eastern District of Texas.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge